**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4470

JACKIE CLAYTON COCKRANE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-91-90)

Submitted: January 23, 1997

Decided: February 10, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles W. McKeller, Brevard, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Jerry W. Miller, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jackie Cockrane appeals from the district court's order revoking his supervised release and sentencing him to twelve months incarceration. We affirm.

Cockrane was sentenced in December 1991 to fifteen months imprisonment followed by three years of supervised release. Cockrane began his period of supervised release on January 20, 1993, but absconded from supervision in March 1993. In June 1993, a petition was filed in the district court alleging a violation of supervised release. Cockrane was arrested on state charges in South Carolina the following month, and a detainer was filed with state authorities in October 1993.

Although a detainer had been filed, Cockrane was not delivered to the United States Marshal's Service upon his release from his state imprisonment in September 1995--Cockrane was not arrested by the United States Marshal's Service until April 1996. On June 3, 1996, the district court revoked Cockrane's supervised release and sentenced him to twelve months imprisonment.*

Cockrane claims that the thirty-four-month delay between the filing of the supervised release revocation petition and his initial appearance in district court violated Fed. R. Crim. P. 32.1(a)(2) and his constitutional right to a speedy trial. To show that a delay in disposing of charges violated the defendant's Sixth Amendment right to a speedy trial, a court considers four factors: (1) whether the delay was uncommonly long; (2) whether the government or the defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy disposition; and (4) whether the defendant suf-

_____

*Cockrane's imprisonment on state charges tolled the term of supervised release for 26 months. See 18 U.S.C.§ 3624(e) (1994) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime."). Therefore, Cockrane's term of supervised release would not have expired until March 19, 1998.

2

fered any prejudice as the delay's result. <u>United States v. Thomas</u>, 55 F.3d 144, 148 (4th Cir.), <u>cert. denied</u>, 64 U.S.L.W. 3248 (U.S. Oct. 2, 1995) (No. 95-5689). On balance, these factors weigh against Cockrane. Cockrane is to blame for most, if not all, of the delay in this case, and he failed to assert his interest in a speedy disposition. We therefore find that his constitutional right to a speedy trial was not violated.

Finally, we find that the seventy-day period between Cockrane's arrest and the revocation hearing was not "unreasonable" within the meaning of Fed. R. Crim. P. 32.1(a)(2) (requiring a revocation hearing to be held "within a reasonable time").

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3